IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATIONAL ELECTRICAL BENEFIT FUND

    Plaintiff,

v.                                         Civil Action No. PX-17-0403

LEWIS ELECTRIC, LLC,

    Defendant.

**MEMORANDUM OPINION**

On February 13, 2017, Plaintiff National Electrical Benefit Fund ("NEBF") filed its complaint in the above-captioned case. ECF No. 1. Summonses were served on the Defendant, Lewis Electric, LLC ("Lewis"). ECF No. 4. On April 4, 2017, the Plaintiff moved for entry of default against the Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. 5. The Clerk entered default on April 13, 2017. ECF No. 7. NEBF has moved for default judgment. ECF No. 6. Lewis has not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2.a. Pursuant to Local Rule 105.6, a hearing is not necessary. For the reasons stated herein, NEBF's Motion for Default Judgment is GRANTED.

    **I.**     **BACKGROUND**

This action is brought by the trustees of NEBF, a multiemployer pension plan, against Lewis, an employer that is obligated to contribute to the NEBF pursuant to its collective bargaining agreements with the IBEW Local Union 1186 and the NEBF plan documents. ECF No. 1 at ¶¶ 1, 4, 5, 6, 7. NEBF alleges that, notwithstanding its obligations pursuant to the collective bargaining agreements and the NEBF plan Trust Agreement, Lewis has been

1

delinquent in making contributions to the NEBF. Id. ¶ 8. NEBF seeks a judgment in the amount of $14,016.11 reflecting delinquent contributions between December 2015 and June 2016, interest, liquidated damages, and attorney's fees, as well as an order directing Lewis to provide monthly payroll reports or access to Lewis's books and records from July 2016 forward. ECF No. 6 at 2.

## II. DISCUSSION

### A. Default Judgment

Federal Rule of Civil Procedure 55(b) provides that default judgment may be entered "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation" and the defendant is in default for failing to appear. Fed. R. Civ. P. 55(b)(1). The entry of default judgment is a matter within the discretion of the Court. *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)).

Although "the Fourth Circuit has a 'strong policy that cases be decided on the merits,'" *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party,'" *id.* (quoting *Lawbaugh*, 359 F. Supp. at 421). It is within the Court's discretion to grant default judgment when a defendant is unresponsive. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987) (upholding a default judgment awarded where the defendant lost its summons and did not respond within the proper period); *Disney Enters.*, 446 F. Supp. 2d at 405–06 (finding appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him).

To determine whether a default judgment is appropriate, the Court engages in a two-step inquiry: First, the Court must decide "whether the unchallenged facts in plaintiff['s] complaint constitute a legitimate cause of action." *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010). Second, if the Court finds liability is established, it must "make an independent determination regarding the appropriate amount of damages." *Id.* The Court may hold a hearing to determine damages, or it may rely on detailed affidavits or other documentary evidence. *Lipenga v. Kambalame*, 219 F. Supp. 3d 517, 525 (D. Md. 2016).

Lewis was served with copies of the Complaint in February of 2017 and failed to respond. *See* ECF No. 4. Accordingly, all of NEBF's allegations—other than those pertaining to damages—are deemed admitted. Fed. R. Civ. P. 8(b)(6). Lewis also did not respond to NEBF's motion for entry of default judgment, nor did it move to set aside the Order of Default entered by the Clerk of the Court. This Court will exercise its discretion to grant default judgment in light of the Defendant's failure to respond. *See Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012).

**B. Liability**

NEBF has pleaded adequately that Lewis has violated 29 U.S.C. § 1145 by failing to make contributions required pursuant to collective bargaining agreements and the NEBF Trust Agreement. The Trust Agreement makes plain that a covered employer is obligated to make periodic contributions to the NEBF. ECF No. 6-2 at 6. NEBF has alleged that Lewis has failed to make its contributions, and in support of its claims, NEBF has submitted the affidavit of Angel Losquadro, Director of NEBF's Audit and Delinquency Department, with a copy of the relevant portions of the Trust Agreement and a report of delinquent payments ascertained from Lewis' self-reported accounting to NEBF. *See* ECF No. 6-2 at 1–3, 5–12; 14. The affidavit, along with

3

its exhibits and additional exhibits provided to the Court with respect to damages, clearly establish Lewis' liability. Accordingly, default judgment will be entered in NEBF's favor.

### C. Damages

Federal Rule of Civil Procedure 54(c) provides that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." The Court must make an independent determination as to the relief requested. *See Agora Fin., LLC*, 725 F. Supp. 2d at 494.

Although liability has been established, an allegation "relating to the amount of damages" is not deemed admitted based on a defendant's failure to deny in a required responsive pleading. Fed. R. Civ. P. 8(b)(6); *see Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, Inc.*, No. DKC–08–2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009). Damages in the context of default judgment "must generally be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed." *U2 Home Entm't, Inc. v. Fu Shun Wang*, 482 F. Supp. 2d 314, 318 (E.D.N.Y. 2007). However, the Court may award damages without a hearing if the record supports the damages requested. *See Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, No. 6:09cv00004, 2009 WL 1872535, at *2 (W.D. Va. June 30, 2009) (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" after default judgment was entered against the defendant because the plaintiff submitted affidavits and printouts of electronic records establishing the amount of damages it sought).

Under 29 U.S.C. 1132(g)(2), NEBF is entitled to Lewis' unpaid contributions, interest on the unpaid contributions, the liquidated damages provided for under the plan, and reasonable attorney's fees and costs. NEBF has attached to its Motion for Default Judgment the records

4

detailing the amount owed by Lewis, the authority for charging and amounts owed for interest and as liquidated damages, and the records of its counsel detailing legal fees and expenses incurred as a result of this action, totaling $14,016.11. ECF Nos. 6-1, 6-2. The Court notes that NEBF presently requests $1,001.62 in interest on unpaid contributions, which is slightly higher than the $741.85 prayed in the Complaint. This difference is simply the result of additional interest accruing during the pendency of this case. Because NEBF is entitled, by statute, to interest for which the Complaint sets forth the method for calculation, the Court includes in the damages award the calculated interest to-date. *See Dotson v. Pfizer, Inc.*, 558 F.3d 284, 302 (4th Cir. 2009) (prejudgment interest pursuant to statute is mandatory rather than discretionary, and therefore "does not constitute the kind of additional relief that requires briefing" (internal marks omitted)); *see also Ames v. STAT Fire Suppression, Inc.*, 227 F.R.D. 361, 362 (E.D.N.Y. 2005). Therefore, the Court will award the $14,016.11 in its entirety. The Court also will order, consistent with NEBF's request in its Complaint and its Motion for Default Judgment, as well as the Trust Agreement, that Lewis' delinquent contributions will accrue interest at 10% per annum, compounded monthly. *See* ECF No. 1 at 5; ECF No. 6 at 2; ECF No. 6-2 at 11.

**D. Inspection of Books**

NEBF requests that default judgment include an order directing Lewis to submit monthly payroll reports or other payroll records for the period from July 2016 through the present, consistent with the terms of the Trust Agreement. ECF No. 6-2 at 10–11. NEBF prayed for the same relief in its Complaint. Thus, the Court will so order.

**II.    CONCLUSION**

For the foregoing reasons, NEBF's motion for default judgment is GRANTED. NEBF is entitled to $9,567.24 in delinquent contributions, $1,001.62 in interest, $1,913.45 in liquidated

5

damages, and $1,533.80 in attorney's fees and costs. The Court also will issue an order directing Lewis to provide NEBF with payroll reports and/or access to its books and records. A separate order shall follow.

 10/16/2017  
Date

            /S/  
Paula Xinis  
United States District Judge